Rex, J.
We think the Court of Common Pleas erred in its findings and judgment.
It appears by the agreed statement of facts: that on the ■30th day of March, 1865, the defendant was appointed administrator of the estate named by the Probate Court of Brown county; that on the 20th day of August, 1866, he rendered an account of his administration, which was settled by the court on the 15th of October following, at which time he was' ordered to distribute the balance found in his hands to the parties entitled thereto; that on the 6th of January, 1867, the defendant, having paid to the persons •entitled thereto, the money ordered to be distributed, presented an account thereof, duly proven and verified, to the Probate Court, which was allowed and ordered to be recorded, and the defendant and his sureties were thereupon exonerated and discharged from all further liability under the order of distribution, unless the account should afterward be impeached for fraud or manifest error; that the plaintiff is an heir at law of the intestate and one of the dis *377 tributees of his estate, and had actual notice of the settlement of the account; that he arrived at the age of majority on the 4th day of May, 1867, and on the 7th day of the ■same month, commenced this proceeding to compel the defendant to account for the sum of money named, which, it is admitted by the agreed statement of facts, is a part of the assets of the estate of Thomas T. Philips, deceased; was not accounted for, by him, in the former account rendered, •and is still in his possession.
It is difficult to perceive how, upon principle, the retention ■of the money by the administrator can be sanctioned, yet, it is claimed tbat be is entitled to retain it, as against tbe .demand of tbe plaintiff, because tbe plaintiff bad actual notice of tbe settlement of tbe account, and did not except to it; and not having excepted at tbe proper time, tbe settlement is final, as to him, and a bar to all further demands on his part.
Tbe settlement made, we have no doubt, is, as against all persons interested, having actual notice, conclusive as to all matters included in tbe account; but, we are equally clear tbat it is not final, so as to bar further inquiry, in regard to matters not set out and specified in it.
Section 167 of tbe act of March 23,1840, to provide for tbe settlement of estates of deceased persons (S. & C. 566), provides tbat “ every executor or administrator shall be chargeable with the amount of tbe sale bills, . . . and also with all goods, chattels, rights, and credits of tbe deceased, wbicb shall come into bis bands, and wbicb are by law to be administered, although they should not be included in tbe inventory or sale bill, also with all tbe proceeds of real estate, sold for tbe payment of debts or legacies, .and with all tbe interest, profit, and income tbat shall, in any way, come to bis bands from tbe personal estate of the deceased,” and section 161 of tbe same act provides tbat every executor or administrator shall, from time to time, .as be may be required by tbe court, render accounts of bis .administration, until tbe estate shall be wholly settled, so *378 that, taking these provisions of the statute together, it is apparent that an estate can not be held to be finally settled, until the whole estate administered has been fully accounted for, -and passed upon by the Probate Court, and that for the purpose of accomplishing that object, the executor or administrator may, at any time after the period for rendering his first account has elapsed, and before the proceeding is harred by the statute of limitations, be required to render an account for any portion of the estate remaining in his-hands, not included in any former account, notwithstanding, the fact that the former -account rendered has been passed upon and settled by the court.
The judgment-of the Court of Common Pleas is reversed, and the cause remanded to that court for further proceedings.
McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.